UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDDIE JAMES MOULTRIE,
    Plaintiff,

vs.                            Case No.: 3:24cv389/LC/ZCB

LT. W. GIELOW,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

The Court is required to screen Plaintiff's amended complaint (Doc. 10) to determine whether it is frivolous, malicious, fails to state a plausible claim for relief, or seeks monetary relief from immune defendants. *See* 28 U.S.C. § 1915A (requiring screening of prisoner complaints); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the amended complaint, it is apparent that dismissal is warranted for failure to state a claim.

1

I.  **Plaintiff's Factual Allegations**

Plaintiff names as Defendant former Santa Rosa Correctional Institution (SRCI) officer Lieutenant W. Gielow. (Doc. 10 at 2). Plaintiff alleges that in January 2024, Defendant supervised Plaintiff's prison wing while prison officials neglected duties and acted inappropriately. (*Id.* at 5). Plaintiff states he began filing grievances for various things such as lack of recreation time, refusals of healthcare callouts, and sexual comments. (*Id.*). Plaintiff asserts that Defendant responded to these grievances. (*Id.*).

Plaintiff alleges on February 19, 2024, Defendant awoke Plaintiff and told Plaintiff that "he doesn't take kindly to [Plaintiff] filing grievances." (*Id.* at 6). Plaintiff decided to stop filing grievances against the officers in his prison wing because he felt his safety was at risk. (*Id.*). Plaintiff alleges that same month, he began believing that someone falsified his records to prevent him from receiving gain-time. (*Id.*).

Plaintiff alleges on April 12, 2024, Defendant "threatened [Plaintiff] without cause" which Plaintiff grieved informally. (*Id.*). Plaintiff states that false allegations of rule violations were brought against him in the March 2024 gain-time notice. (*Id.* at 6-7). Plaintiff alleges on April 25, 2024, he filed a grievance against "unknown staff" for

2

falsifying records to deprive Plaintiff of gain-time. (*Id.* at 7). Plaintiff claims that a disciplinary report would have allowed him to challenge the allegations. (*Id.*).

Plaintiff states he "felt" Defendant was falsifying records to retaliate for Plaintiff's grievances, but he lacked proof of this. (*Id.*). Plaintiff alleges that Defendant admitted to the "tampering" when Defendant responded to an informal grievance on April 30, 2024. (*Id.*). Plaintiff states that on May 2, 2024, Defendant placed Plaintiff on property restriction. (*Id.*).

Plaintiff alleges on May 7, 2024, he received another disciplinary report for disobeying orders. (*Id.* at 8). Plaintiff states that he believed Defendant was ultimately responsible for preparing this report. (*Id.*). On May 9, 2024, Plaintiff filed a grievance alleging that the report was false and retaliatory. (*Id.*). Plaintiff alleges that he was found guilty at a hearing on the disciplinary report, which made him ineligible for May's gain-time. (*Id.* at 9). Plaintiff states that the May 9, 2024, grievance was denied, and he then appealed to the FDOC Secretary who referred it back to the Warden. (*Id.*). Plaintiff states the Warden did not address his grievance, leading Plaintiff to appeal again to the FDOC Secretary. (*Id.* at 9-10).

3

Plaintiff alleges that Defendant resigned from FDOC during the appeal, but Plaintiff says the retaliation continued (*Id.* at 10). Plaintiff states on June 12, 2024, he denied being retaliated against by Defendant and received a disciplinary report for a spoken threat on June 18, 2024. (*Id.*). Plaintiff alleges that on June 20, 2024, while he was at the hearing for the spoken threat, his cell was "maliciously trashed[,]" and he was placed on property restriction. (*Id.*). Plaintiff states he lost additional gain-time after he received another disciplinary report. (*Id.* at 10-11). Plaintiff alleges Defendant's initial actions eventually led to these later retaliatory acts. (*Id.* at 11).

Plaintiff's sole claim against Defendant is a retaliation claim under the First Amendment. (*Id.* at 12). Plaintiff seeks damages, fees and costs, and compensation for his lost gain-time. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

### III. Discussion

**A. Plaintiff has not stated a plausible claim for retaliation.**

Plaintiff alleges Defendant violated his First Amendment right to free speech "by depriving [Plaintiff] of [his] ability to earn gain-time as a form of retaliation for legitimate grievances[.]" (Doc. 10 at 12). Plaintiff

5

states Defendant committed other retaliatory acts when Plaintiff grieved the unlawful obstruction of his ability to earn extra gain-time which is a state-created liberty interest. (*Id.*).

"A prisoner may state a claim under the First Amendment when he alleges that he was punished for filing a grievance concerning the conditions of his imprisonment." *Smart v. England*, 93 F.4th 1283, 1289 (11th Cir. 2024) (cleaned up). To prevail on a First Amendment retaliation claim, Plaintiff must establish four elements: (1) he engaged in protected speech; (2) prison officials retaliated against him; (3) there was an adverse impact on his protected speech; and (4) a causal relationship existed between the retaliation and the adverse effect. *Id.* Here, Plaintiff has not plausibly alleged the last two elements.

Looking to the third element, Plaintiff has failed to plausibly allege Defendant's conduct adversely impacted Plaintiff's protected speech. An adverse impact exists when the retaliatory conduct "would likely deter a person of ordinary firmness from the exercise of First Amendment rights[.]" *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019). Although it is "not dispositive, the plaintiff's actual response to the defendant's conduct provides some evidence of the tendency of that

6

conduct to chill First Amendment Activity." *Bethel v. Town of Loxley*, 221 F. App'x 812, 813 (11th Cir. 2006).

Here, the only allegation regarding an adverse impact was that on February 19, 2024, Defendant allegedly told Plaintiff "he doesn't take kindly to [Plaintiff] filing grievances[,]" causing Plaintiff not to file any grievances out of fear. (Doc. 10 at 6). This allegation, however, is vague, conclusory, and does not point to any unlawful conduct by Defendant. Aside from this single instance, Plaintiff makes no other allegations that he was unable to file grievances or express his concerns about prison officials or conditions at the prison. In fact, Plaintiff admits throughout his amended complaint that he continued filing grievances despite the alleged retaliatory acts committed against him.[1] *See generally Pavao v. Sims*, 679 F. App'x 819, 826 (11th Cir. 2017) (pointing out that the record

---

[1] *See, e.g.*, Doc. 10 at 6 ("[Plaintiff] learned in formal grievance 2403-119-281 that someone was [falsifying records] . . . ."); *id.* (stating on April 12 Defendant threatened Plaintiff which Plaintiff "felt compelled to report in informal grievance 119-2404-0616"); *id.* at 6-7 (referring to formal grievance 2404-119-213 filed by Plaintiff); *id.* at 7 (referring to Plaintiff's filing of informal grievance 119-2404-1043 on April 25); *id.* at 8 (referring to Plaintiff filing formal grievance 2405-119-114 on May 9); *id.* at 9-10 (referring to Plaintiff appealing the denial of formal grievance 2405-119-114, which Plaintiff appealed again after the Warden allegedly failed to address it); *id.* at 10 (referring to Plaintiff's June 20 grievance regarding the lack of a lock on the grievance box); *id.* at 11 (referring to Plaintiff following up with the FDOC Secretary on July 19 regarding the refiled appeal numbered 24-6-22551).

showed a prisoner continued to file grievances despite alleged threats of retaliation). Thus, Plaintiff has not plausibly alleged that Defendant suppressed Plaintiff's ability to file grievances. Because Plaintiff has not plausibly alleged that his ability to engage in the protected activity of filing grievances was adversely impacted by retaliatory conduct, Plaintiff has not alleged a plausible retaliation claim.

Plaintiff has also failed to sufficiently allege the fourth element of a retaliation claim, which is causation. This element requires Plaintiff to allege "a causal connection between his protected conduct and the prison official's action." *Jemison v. Wise*, 386 F. App'x 961, 964-65 (11th Cir. 2010). "In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance . . . ." *Id.* Here, Plaintiff provides no specific and non-conclusory facts that connect his losses of gain-time to any subjective motivation by Defendant to punish Plaintiff for his grievances. Plaintiff vaguely references Defendant telling Plaintiff that he "doesn't take kindly" to Plaintiff's grievances, but he alleges no specific threat or adverse action in connection with this event on February 19, 2024. (Doc. 10 at 6). On April 12, 2024, Plaintiff claims Defendant threatened him "without cause[,]" but he provides no detail regarding this event nor does

8

he plausibly connect these alleged threats to Plaintiff's grievances. (*Id.* at 6). Plaintiff also claims Defendant admitted to tampering with his disciplinary records, but he provides no facts about this alleged admission nor does he explain whether it was in response to Plaintiff's grievances. (*Id.* at 7).

At bottom, Plaintiff provides few if any facts connecting his grievances to the allegedly retaliatory conduct of depriving Plaintiff of his gain-time. Plaintiff attempts to connect disciplinary actions spanning several months to two vague and isolated incidents where Defendant allegedly told Plaintiff "he didn't take kindly" to the grievances and where Defendant allegedly "tampered" with Plaintiff's disciplinary record. These allegations, however, are conclusory and speculative at best. Additionally, Plaintiff states that Defendant was no longer even employed by the FDOC when some of the things he complains about happened. (Doc. 10 at 10). Thus, Plaintiff's allegations are insufficient to plausibly allege that Defendant was "subjectively motivated to discipline [Plaintiff] because [he] complained of some of the conditions of his confinement. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008).

In sum, because Plaintiff has not plausibly the essential elements of a retaliation claim, dismissal is warranted.

9

> **B.    Plaintiff cannot recover monetary damages for the loss of gain-time under 42 U.S.C. § 1983.**

Plaintiff also fails to state a claim because he cannot recover monetary damages for the loss of gain-time under 42 U.S.C. § 1983. "Gain-time is time credited to reduce a prisoner's term." *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 492 (11th Cir. 2009).  "When a state prisoner is challenging the duration of his confinement and the relief sought is a speedier release from imprisonment, the sole federal remedy is a writ of habeas corpus." *Id.* (cleaned up).  A prisoner cannot seek monetary damages for lost gain-time under 42 U.S.C. § 1983 "while still imprisoned because awarding damages for a loss of gain-time would imply that the prisoner's loss of gain-time was invalid, and thus he cannot seek monetary damages for the loss of gain-time until the loss of gain-time has been invalidated." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Here, Plaintiff is clearly seeking monetary relief for his allegedly lost gain-time. ((Doc. 10 at 12-13 (stating Defendant violated Plaintiff's free speech rights by "depriving [Plaintiff] of [his] ability to earn gain-time" and seeking "appropriate compensation" for Defendant hindering "[Plaintiff's] ability to recover gain-time")). But as noted previously, "[a] prisoner may not seek monetary damages for the loss of gain-time in an

10

action pursuant to 42 U.S.C. § 1983." *Hale*, 345 F. App'x at 492; *Heard v. Fla. Dep't of Corr. Sec'y*, No. 23-10051, 2023 WL 7183735, at *2 (11th Cir. Nov. 1, 2023) ("Because a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a not previously invalidated conviction or sentence, [the plaintiff's] § 1983 claims fail.") (cleaned up). Accordingly, Plaintiff fails to state a retaliation claim for Defendant's alleged deprivation of Plaintiff's ability to earn gain-time.

C. **Allowing Plaintiff an opportunity to amend would be futile.**

Given the issues with Plaintiff's amended complaint noted above, allowing Plaintiff another opportunity to amend his complaint would be futile.[2] *See Mitchell v. Thompson*, 564 F. App'x 452, 457 (11th Cir. 2014) (affirming district court's denial of opportunity to amend where prisoner

---

[2] *See also Channell v. Folsom*, No. 5:23-CV-280-TKW/MJF, 2024 WL 5150679, at *3 (N.D. Fla. Nov. 19, 2024) ("Amendment would be futile because Plaintiff cannot seek restoration of gain time credits in a civil action filed under section 1983 . . . .") *adopted*, 2024 WL 5145964 (N.D. Fla. Dec. 16, 2024); *Wooten v. Arzu*, No. 408-CV-00583-MP-WCS, 2010 WL 625219, at *1 (N.D. Fla. Feb. 16, 2010) ("Plaintiff's claims would, if proven, necessarily imply the invalidity of her term of imprisonment and, thus are not cognizable under § 1983. This case cannot proceed as it would be futile to allow amendment.") (cleaned up).

failed to plausibly allege causation and adverse action elements of retaliation claim).

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 10) be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 17th day of April 2025

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.